UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LEE BLACKMAN,

                    Plaintiff,

          v.                                        Civ. Action No. 1:20-cv-5539

CHASE BANK USA, N.A., ET AL.,

                    Defendant.


**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
<u>MOTION TO DISMISS THE AMENDED COMPLAINT</u>**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................1

PROCEDURAL AND FACTUAL BACKGROUND.................................................................3

ARGUMENT ..........................................................................................................................4

I. PLAINTIFF'S CLAIMS MUST BE DISMISSED BECAUSE THEY FAIL TO STATE A
   CLAIM PURSUANT TO FRCP RULE 12(b)(6)...................................................................4

    A.  Applicable Legal Standard.................................................................................................4
    B.  The Amended Complaint Is Deficiently Plead And Must Be Dismissed ............................6
    C.  Plaintiff's Purported Causes Of Action For Breach Of Contract Fail To
        State A Claim ...................................................................................................................7
    D.  Plaintiff's Purported Causes Of Action For Unjust Enrichment Fail To
        State A Claim ...................................................................................................................9
    E.  Plaintiff's Purported Causes Of Action For Fraud Fail To State A Claim........................10
    F.  Plaintiff's Purported Causes Of Action For Breach of Fiduciary Duty Also Fail..............14
    G.  Plaintiff's Purported Cause Of Action For Embezzlement Fails To State A Claim..........15
    H.  Plaintiff's Purported Cause Of Action For Misappropriation Fails To State A Claim......16
    I.  Plaintiff's Purported Cause Of Action For Identity Theft Fails To State A Claim ............17
    J.  Plaintiff's Purported Causes Of Action Against Chase's Officers And Its Counsel
        Fail To State A Claim .....................................................................................................18

CONCLUSION........................................................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                          **Page(s)**

*431 Conklin Corp., v. Rice,*
   181 A.D.2d 716, 718, 580 N.Y.S.2d 475, 477 (2d Dep't 1992) ...............................................19

*Agape I,*
   681 F.Supp.2d 352, 362 (E.D.N.Y. 2010) ..............................................................................12

*Aleph Towers, LLC v. Ambit Texas, LLC,*
   No. 12-CV-3488, 2013 WL 4517278, at \*6 (E.D.N.Y. 2013)...................................................7

*Anderson v. Davis Polk & Wardwell LLP,*
   850 F. Supp. 2d at 402 ............................................................................................................5

*Armstrong v. McAlpin,*
   699 F.2d 79, 91 (2d Cir. 1983)..............................................................................................12

*Ashcroft v. Iqbal,*
   556 U.S. 662, 677 (2009) ..................................................................................................5, 18

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,*
   493 F.3d 87, 98 (2d Cir. 2007)................................................................................................5

*Bell Atl. Corp. v. Twombley,*
   550 U.S. 544, 546, 570 (2007).......................................................................................4, 5, 18

*Chambers v. TimeWarner, Inc.,*
   282 F.3d 147, 153 (2d Cir. 2002).............................................................................................5

*Cohen Bros.,*
   181 A.D.3d 404, 119 N.Y.S.3d 478 (1st Dep't 2020) ............................................................12

*Colavitov New York Organ Donor Network, Inc.,*
   8 N.Y.3d 43, 860 N.E. 713 (2006)........................................................................................16

*Curtis-Shaneley v. Bank of America,*
   109 A.D.3d 634, 970 N.Y.S.2d 830 (2d Dep't 2013) .......................................................10, 14

*DiVittorio v. Equidyne Extractive Indus.,*
   822 F.2d 1242, 1247 (2d Cir. 1987).................................................................................10, 19

*Employers' Fire Ins. Co. v. Cotton.,*
   245 N.Y. 102 (1927) .............................................................................................................16

*Fab Industries, Inc. v. BNY Financial Corp.,,*
   252 A.D.2d 367, at 367, 675 N.Y.S.2d 77, at 675 (1st Dep't 1997).......................................14

*Goldstein v. Siegel,*
19 A.D.2d 489, 493, 244 N.Y.S.2d 378 (1st Dep't 1963) ........................................................12

*Harsco Corp. v. Segui*
91 F.3d 337, 347 (2d Cir. 1996)......................................................................................10, 19

*Hymes v. Bank of America, N.A.,*
408 F.Supp.3d 171, at 199 (E.D.N.Y 2019) ......................................................................7

*Johnson v. Nextel Commc'ns, Inc.,*
660 F.3d 131, 138 (2d Cir. 2011).......................................................................................14

*Joseph v. Northwood Gp., LLC,*
No. 09 CV 3544, 2009 WL 2252336 (S.D.N.Y. July 23, 2009)........................................5, 6

*Kesner v. Dow Jones & Company, Inc.,*
2021 WL 256949 (S.D.N.Y. 2021)....................................................................................13

*Kings Premium Serv. Co. v. Manufacturers Hanover Trust Co.,*
115 A.D.2d 707, 496 N.Y.S.2d 524 (2d Dep't 1985)...........................................................14

*Lerner v. Fleet Bank, N.A.,*
459 F.3d 273, 291 (2d Cir. 2006)...................................................................................11, 12

*MacEntee v. IBM (International Business Machines),*
783 F. Supp. 2d 434, 442 (S.D.N.Y. 2011).........................................................................5

*North Star Contracting Corp. And Tern Star Inc. v. City of New York*
203 A.D.2d 214, 611 N.Y.S.2d 1 (1st Dep't 1994) .........................................................9

*Paramount Film Distrib. Corp. v. State of New York,*
30 NY2d 415, 421, 334 N.Y.S.2d 388 (1972) ...................................................................9

*Petrone v. Davidoff Hutcher & Citron, LLP,*
150 A.D.3d 776, 54 N.Y.S.3d 25 (2d Dep't 2017)...........................................................16

*People v. Essalek,*
17 Misc. 3d 835, 847 N.Y.S.2d 421 (City Crim. Ct. 2007)................................................17

*People v. Yanett,*
49 N.Y.2d 296, at 302, 425 N.Y.S.2d 300, at 431 (1980) .................................................16

*Prudential-Bache Metal Co., Inc. v. Binder,*
121 A.D.2d 923, 926, 504 N.Y.S.2d 646, 648 (1st Dep't 1986) .........................................19

*Republic of Haiti v. Duvalier,*
211 A.D.2d 379, 384 (1st Dep't 1995) ...............................................................................16

*Spiegel v. Levine,*
161 A.D. 764, at 768, 147 N.Y.S. 78, at 84 (1st Dep't 1914) .............................................15

*Steger v. Delta Airlines, Inc.,*
    382 F. Supp. 2d 382, 385 (E.D.N.Y. 2005) ...................................................5

*Strunk v. United States House of Representatives,*
    68 F. App'x 233, 235 (2d Cir. 2003) ..............................................6, 18

*United States Fire Ins. Co. v. Raia*
    94, A.D.3d 749, 942 N.Y.S.2d 543, 545 (2d Dep't 2012) ..........................14

*U.S. v. Monaco,*
    194, F.3d 381 (2d Cir. 1999) ...........................................................13

*Westminster Const. Co., Inc. v. Sherman,*
    160 A.D.2d 867. 554 N.Y.S.2d 300 (2d Dep't 1990) ..............................18

*Zanett Lombardier, Ltd. v. Maslow,*
    29 A.D.3d 495, 815 N.Y.S.2d 547 (1st Dep't 2006). ..........................10, 19

**Rules**

Fed. R. Civ. P. 1 .........................................................................6,18

Fed. R. Civ. P. 2 .........................................................................18

Fed. R. Civ. P. 8(a)(2) ...................................................................5, 6

Fed. R. Civ. P. 9(b) ...............................................................10, 18, 19

Fed. R. Civ. P. 12(b)(6) ...................................................................5

N.Y.P.L. § 155.05 .........................................................................15

N.Y.P.L. § 190.77 .........................................................................17

N.Y.P.L § 190.78 .........................................................................17

N.Y.P.L § 190.79 .........................................................................17

N.Y.P.L § 190.80 .........................................................................17

## PRELIMINARY STATEMENT

Defendants, JPMorgan Chase Bank, N.A., successor-by-merger to Chase Bank USA, N.A. ("Chase"), Jamie Dimon ("Dimon"), Gordon Smith ("Smith"), McGlinchey Stafford PLLC ("McGlinchey"), Dana M. Carrera ("Carrera"), and Dennis A. Amore ("Amore") (Chase, Dimon, Smith, McGlinchey, Carrera, and Amore collectively the "Defendants"), respectfully submit this Memorandum of Law, together with the accompanying Declaration in Support of Motion to Dismiss of Dennis A. Amore, dated July 19, 2021, in support of the instant motion for an Order, pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 12(b)(6), dismissing the Amended Complaint (the "Amended Complaint") of Plaintiff, Lee Blackman ("Plaintiff")[1], with prejudice.

At the outset, Plaintiff's Amended Complaint is unmeritorious, wholly defective, and should be dismissed outright with prejudice. During the prior proceedings, this Court assessed Plaintiff's original Complaint and found it to be deficiently plead. Rather than dismiss Plaintiff's Complaint, this Court allowed Plaintiff an opportunity to amend his pleading ordering him to be more specific and to omit unmeritorious causes of action. Rather than cure his pleading deficiencies, as instructed, Plaintiff ignored the Court's instructions and filed his Amended Complaint, which is equally defective, nonsensical, and unmeritorious. Incredibly, instead of heeding the Court's directive, Plaintiff has instead asserted unmeritorious blanket causes of action against additional defendants, who are individual officers of Chase and Chase's outside counsel. In light of the foregoing, Plaintiff's Amended Complaint should be dismissed at this time with prejudice without any further leave to amend.

Plaintiff's Amended Complaint should be dismissed in its entirety because Plaintiff fails to state a claim. Plaintiff's largely unintelligible Amended Complaint consists of twenty-eight

---

[1] A copy of the Amended Complaint is attached as Exhibit B to the Declaration of Dennis A. Amore, dated July 19, 2021 ("Amore Decl.").

(28) bald and conclusory causes of action alleging wrongdoing against Defendants.  Plaintiff's purported causes of action appear to stem from alleged conduct in connection with a defaulted Chase credit card account (the "Account").[2]  The enigmatic causes of action asserted do not meet the requirements of pleading with specificity and thus fail to state a claim for which relief can be granted.  Accordingly, the Amended Complaint should be dismissed in its entirety with prejudice.

Plaintiff appears to assert causes of action for breach of contract (Causes of Action 1-7, 19, 28)[3] and alleges, *inter alia*, that Chase breached the terms of the credit card agreement (the "Agreement") by stating multiple account balances and by *reducing* the balance owed by Plaintiff from $12,585.00 to $9,779.28.  Plaintiff also apparently alleges that Chase failed to produce account statements and failed to apply insurance funds to the defaulted Account.  These allegations fail to state a cause of action for breach of contract.

Plaintiff also attempts to assert causes of action for unjust enrichment (Causes of Action 8-9) and alleges, *inter alia*, that Chase received cash advance payments that it was not entitled to receive.   Plaintiff also asserts several purported causes of action sounding in fraud (Causes of Action 10-18, 21, 24, 26-27) alleging, *inter alia*, that Chase acted fraudulently regarding the origination of the Account and by failing to apply insurance funds.  Simply put, Plaintiff does not set forth any factual allegations to support his claims.

Plaintiff also attempts to assert causes of action for breach of fiduciary duty (Causes of Action 11-13, 20), which appear to arise from his allegations that Chase has somehow breached contractual obligations due to Plaintiff under the Agreement.  Moreover, as a matter of law, no fiduciary duty exists between Plaintiff and Chase.  Plaintiff's additional purported causes of action

---

[2] For context and for purposes of its motion, Chase states that Plaintiff's Account opened in 1997, was closed in or about June 2010 and was charged-off due to non-payment in January 2011.

[3] Defendants note that they have referred to each of Plaintiff's Causes of Action numerically from One (1) through Twenty-Eight (28) herein for ease of reference and for the convenience of the Court.

asserting embezzlement (Cause of Action 22), misappropriation of funds (Cause of Action 23), and identity theft (Cause of Action 25) are conclusory and deficiently plead.

Finally, Plaintiff has failed to plead any facts to state a claim against Jamie Dimon, Chase's Chairman of the Board, or Gordon Smith, Chase's Co-President.  Plaintiff does not plead any facts setting forth actions taken by Mr. Dimon or Mr. Smith relevant to the purported claims asserted. Additionally, no facts asserted would allow Plaintiff to maintain a cause of action against Chase's counsel.  Contrary to Plaintiff's contentions, the mere removal of this matter to federal court is not fraud, and such allegations do not establish a fraud claim.  Accordingly, the additional defendants must also be dismissed from this action with prejudice.  For the reasons detailed herein, this Court should dismiss Plaintiff's Amended Compliant in its entirety and with prejudice.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff's Amended Complaint appears to be based mainly upon allegations that Chase breached the subject Agreement by, *inter alia*, failing to apply insurance funds to the Account after Plaintiff defaulted in payment.  (See e.g. Amended Complaint, ¶ 18 (plaintiff alleges to have inquired with Chase concerning insurance policies and account numbers allegedly associated with the subject Account)).

On October 9, 2020, Plaintiff filed his original Complaint in Kings County Supreme Court, under Index No. 1609/2020, seeking a judgment for alleged damages due to breach of contract and related claims.  (See Amore Decl., Ex. A).  On November 13, 2020, Chase timely removed this matter to federal court.  (See Amore Decl., Ex. B, PACER Dkt. No. 1[4]).  On December 17, 2020, Chase filed a letter requesting a pre-motion conference in anticipation of moving to dismiss Plaintiff's Complaint.  (See PACER Dkt. No. 10).

---

[4] The term "PACER" hereinafter refers to the Public Access to Courts Electronic Records system.

On January 28, 2021, a telephonic conference was held regarding Chase's request to file a Motion to Dismiss. (See PACER Dkt. Nos. 19, 20, 21). During the conference, the Court ordered Plaintiff to file an amended complaint by March 10, 2021. (See id.). Additionally, the Court instructed Plaintiff to be more specific and to omit unmeritorious causes of action that were deficiently plead. (See e.g. id.). Thereafter, Plaintiff's time to file an amended pleading was extended several times upon request of Plaintiff. (See PACER Dkt. Nos.24, 25, 28, 29, 32, 33, 34).

On May 17, 2021, Plaintiff filed his Amended Complaint (the "Amended Complaint"). (See Amore Decl., Ex. C, PACER Dkt. No. 33). On May 26, 2021, Chase filed a letter requesting a briefing schedule for its Motion to Dismiss the Amended Complaint, which the Court granted. (See PACER Dkt. No. 35). Thereafter, defendants, Dimon, Smith, McGlinchey, Carrera, and Amore, filed a letter seeking, *inter alia*, to join in Chase's Motion. (See PACER Dkt. No. 44). Plaintiff has not filed Affidavits of Service showing that service of process of the Summons and Amended Complaint was completed, or attempted, upon Defendants, Dimon, Smith, McGlinchey, Carrera, and Amore. (See e.g. PACER Dkt.). Upon information and belief, Plaintiff has failed to effectuate service of the Summons and Amended Complaint upon the aforesaid defendants in accordance with FRCP Rule 4. (See e.g. id.; see also Amore Decl., ¶ 5).

## ARGUMENT

### I. PLAINTIFF'S CLAIMS MUST BE DISMISSED BECAUSE THEY FAIL TO STATE A CLAIM PURSUANT TO FRCP RULE 12(b)(6)

#### A. Applicable Legal Standard

On a motion to dismiss pursuant to 12(b)(6), a court must accept all factual allegations in the complaint as true and draw all inferences in plaintiff's favor, a claim must be "plausible on its face" to avoid dismissal. Bell Atl. Corp. v. Twombley, 550 U.S. 544, 570 (2007). A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action

will not do.' Nor does a complaint suffice if its tenders 'naked assertion[s] devoid of further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (internal citations omitted) (citing Twombly, 550 U.S. at 546). Additionally, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (footnote omitted) (citing Twombly, 550 U.S. 544).

In deciding a motion to dismiss under Rule 12(b)(6), the Court may consider "any written instrument attached to the complaint" and "statements or documents incorporated into the complaint by reference." Anderson v. Davis Polk & Wardwell LLP, 850 F. Supp. 2d at 402 (citing ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007)); MacEntee v. IBM (International Business Machines), 783 F. Supp. 2d 434, 442 (S.D.N.Y. 2011) ("In deciding a motion to dismiss, the Court is not limited to the face of the complaint."); Steger v. Delta Airlines, Inc., 382 F. Supp. 2d 382, 385 (E.D.N.Y. 2005) (citing Chambers v. TimeWarner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); U.S. v. International Longshoreman's Ass'n, 518 F.Supp.2d 422 (E.D.N.Y. 2007) (In resolving motion to dismiss for failure to state a claim without converting the motion into a motion for summary judgment, district court's consideration would be limited to the factual allegations in complaint, documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice could be taken, and documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.).

Moreover, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to survive a motion to dismiss. See FRCP 8(a)(2). Analysis of a motion to dismiss under rule 12(b)(6) requires a two-step inquiry. See Ashcroft, 556 U.S. 662; Joseph v. Northwood Gp., LLC, No. 09 CV 3544, 2009 WL 2252336 (S.D.N.Y. 2009). First, the Court must reject bald allegations that are conclusory and, as a result, are "'not entitled

5

to the assumption of truth.'"  <u>Id</u>. at *2 (<u>citation</u> <u>omitted</u>).  Second, the Court must examine the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." <u>Id</u>. (<u>citation</u> <u>omitted</u>).  As explained below, Plaintiff's Amended Complaint fails to meet this pleading standard, and Plaintiff's claims should be dismissed with prejudice.

**B.     The Amended Complaint Is Deficiently Plead And Must Be Dismissed**

Plaintiff's Amended Complaint does not comport with the requirements of pleading with specificity and must be dismissed on that basis.  <u>See</u> FRCP Rule 1 (providing that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.); <u>see</u> <u>also</u> FRCP Rule 8 (requiring "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."); <u>Strunk v. United States House of Representatives</u>, 68 F. App'x 233, 235 (2d Cir. 2003) ("The District Court properly dismissed Strunk's third amended complaint and properly denied his motion to file a fourth amended complaint, as his complaint was unintelligible and his claims indiscernible. In each of his complaints, Strunk asserted violations of several federal statutes and eleven constitutional amendments, without explaining what conduct constituted the violations, which defendants violated which statutes or amendments, or how the alleged violations harmed him.  Thus, the complaint did not put the defendants on notice of the allegations against them.").

Plaintiff's precise legal basis for the Amended Complaint is unclear.  It appears that Plaintiff's claims are primarily based upon purported breaches of the Agreement and alleged insurance policies concerning the Account.  The Amended Complaint does not provide any specific references to the disputed terms of the Agreement or that of the alleged insurance policies. Instead, Plaintiff mainly asserts conclusory allegations devoid of facts to support his claims,

6

including the terms allegedly breached, dates, timeframes, and/or acts taken.   Therefore, the
Amended Complaint, as a whole, is defective and must be dismissed.

> **C.**     **Plaintiff's Purported Causes Of Action For Breach Of Contract Fail To State A Claim**

Plaintiff's Amended Complaint includes eight (8) causes of action apparently intended to
allege breach of contract.  <u>See</u> Amended Complaint, Causes of Action 1-7, 19, 28.  Those purported
causes of action are deficiently pleaded and are subject to dismissal.

"Under New York law, there are four elements to a breach of contract claim: (1) the
existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of
contract by the defendant, and (4) damages." <u>Hymes v. Bank of America, N.A.</u>, 408 F.Supp.3d
171, at 199 (E.D.N.Y 2019) (<u>quotations</u> <u>omitted</u>).  Additionally, "[a] breach of contract claim will
be dismissed where a plaintiff fails to allege the essential terms of the parties' purported contract,
including the specific provisions of the contract upon which liability is predicated." <u>Aleph Towers,</u>
<u>LLC v. Ambit Texas</u>, LLC, No. 12-CV-3488, 2013 WL 4517278, at *6 (E.D.N.Y. 2013).

Plaintiff fails to meet the above standard.  Concerning purported breaches of the subject
Agreement, Plaintiff alleges, among other things, that Chase stated that Plaintiff owed $12,585.83
and, thereafter, improperly stated the amount due as $12,585.00 and $9,779.28.  <u>See</u> Amended
Complaint, ¶¶ 79-80, Cause of Action 1.  Plaintiff further alleges that Chase failed to provide a
statement showing changes to the account or application of the purported insurance funds.  <u>See</u>
<u>Id</u>., ¶¶ 81, 82, 91, 107, 112, 115; Causes of Action 3, 6, 7.  Plaintiff also alleges that the account
type was somehow changed due to the allegedly improperly stated account balance without notice.
<u>See id</u>., ¶ 189, Cause of Action 19.  Lastly, Plaintiff erroneously alleges that Chase breached the
Agreement by removing this matter to federal court.  <u>See id</u>., ¶ 244, Cause of Action 28.

The foregoing allegations fail to set forth a breach of the Agreement by Chase.  Plaintiff
does not specify the terms of the Agreement that were allegedly breached or how, specifically, the

purported change of the Account balance was improper or violated the terms of the Agreement. Interestingly, Plaintiff does not dispute his default of the Account or that the funds were due and owing to Chase but appears to contest the reporting of the balance owing.  Similarly, Plaintiff does not set forth specific facts to support his bald claims that the reporting of account balances caused the Account type to change and assuming, *arguendo*, that it was, how such change would amount to a breach of the Agreement.  Additionally, Plaintiff's bald assertions that he was not presented statements showing the application of insurance funds are unsupported by any facts showing that such insurance funds were available.

Additionally, to the extent that Plaintiff intended to argue that Chase breached the terms of certain insurance policies associated with the Account, those allegations are meritless.  Here, Plaintiff alleges to have entered into a written insurance contract for a "LifePlus" credit insurance policy providing for the application of insurance funds to the Account due to Plaintiff's default and that Chase failed to apply those funds.  See Amended Complaint, ¶¶ 85, 96, 108, Causes of Action 2, 4, 6.  Plaintiff further alleges that Chase placed a "Credit Life" insurance policy on the Account and failed to apply insurance funds to cure the default.  See Amended Complaint, ¶¶ 102, 108, 114, Causes of Action 5, 6, 7.  Plaintiff does not allege any specific facts to show that such insurance policies were applied to the Account.  Additionally, Plaintiff does not specifically identify the terms of the policies upon which he bases his causes of action.[5]  Moreover, Plaintiff does not plead any facts to show that the alleged insurance policies existed and were applicable to

[5] Chase notes that Plaintiff has included within Exhibit I of the Amended Complaint what appears to be an excerpt of a document presumably setting forth eligibility requirements for LifePlus Credit Insurance.  See Amended Complaint, Ex. I.  There is no indication that the aforesaid excerpt relates to the Account, nor does Plaintiff allege any facts establishing that such insurance was ever placed on the Account.  See id.  Notably, the excerpt, although not entirely legible, provides contingencies for payment that include unemployment, disability, and/or leave of absence and further provides life insurance coverage.  See id.  There is nothing on the face of the excerpt that supports Plaintiff's bald allegations that Chase was required to apply insurance proceeds to cure the default in payment at issue here.  Moreover, Plaintiff does not allege that he met the criteria for payment under any such insurance program.

8

the Account.  Nor does Plaintiff set forth facts showing that the insurance proceeds were to be applied to cure his default in payment.

Plaintiff also fails to allege how he has allegedly suffered damages, and his Amended Complaint is frivolous.  Based upon the foregoing, Plaintiff's purported causes of action asserting breach of contract fail as a matter of law and must be dismissed.

### D.    Plaintiff's Purported Causes Of Action For Unjust Enrichment Fail To State A Claim

Plaintiff asserts two (2) enumerated causes of action for unjust enrichment.  See Amended Complaint, Causes of Action 8-9.  As set forth below, these purported causes of action fail to state a claim and should also be dismissed.  Generally, to prevail on a claim of unjust enrichment, a party must show that: (1) the other party was enriched, (2) at that party's expense, and (3) that "it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered."  Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421, 334 N.Y.S.2d 388 (1972).  Additionally, "[u]njust enrichment" is not applicable when there is a valid and enforceable agreement that governs the same subject.   North Star Contracting Corp. And Tern Star Inc. v. City of New York, 203 A.D.2d. 214, 611 N.Y.S.2d. 1 (1st Dep't 1994).

Regardless of how it is plead, Plaintiff's cause of action for unjust enrichment fails on its face because Plaintiff's Amended Complaint is based upon his account agreement with Chase and, thus, unjust enrichment is not applicable.  See e.g. North Star Contracting Corp. And Tern Star Inc. v. City of New York, supra (unjust enrichment is "not applicable when there is a valid and enforceable agreement that governs the same subject").

Notwithstanding that unjust enrichment is not available to Plaintiff, his allegations fail to establish a claim for unjust enrichment even assuming *arguendo* that he could assert such a claim. Despite the fact his pleadings admit he failed to pay Chase, Plaintiff nonsensically alleges that Chase received cash advance payments Plaintiff mistakenly made.  See Amended Complaint, ¶

9

117, Cause of Action 8.  Plaintiff further asserts that Chase "and its Lower-Level" employees received cash advance payments.  Id. at ¶ 126, Cause of Action 9.  Plaintiff does not dispute that he was obligated to make payments to Chase under the Agreement, and thus these allegations fail to show that Chase was unjustly enriched at Plaintiff's expense.  Plaintiff merely relies upon conjecture and conclusory allegations without pleading any factual basis.  Accordingly, Plaintiff's purported unjust enrichment claims fail and are subject to dismissal with prejudice.

### E.   Plaintiff's Purported Causes Of Action For Fraud Fail To State A Claim

Plaintiff's Amended Complaint includes ten (10) enumerated causes of action predicated upon an alleged fraud.  See Amended Complaint, Causes of Action 10, 14-18, 21, 24, 26-27.  Plaintiff's allegations concerning alleged fraud are conclusory and, like Plaintiff's other allegations, fail to state a claim and, thus, must be dismissed.

Under New York law, "[t]o establish fraud, a plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance, and injury." Curtis–Shanley v. Bank of Am., 109 A.D.3d 634, 634, 970 N.Y.S.2d 830 (2d Dep't 2013); see Zanett Lombardier, Ltd. v. Maslow, 29 A.D.3d 495, 815 N.Y.S.2d 547 (1st Dep't 2006).  Additionally, FRCP Rule 9(b) requires that allegations of fraud "must state with particularity the circumstances constituting fraud."  FRCP Rule 9(b).  To comply with this heightened pleading standard, a complaint must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." Harsco Corp. v. Segui, 91 F.3d 337, 347 (2d Cir. 1996); DiVittorio v. Equidyne Extractive Indus., 822 F.2d 1242, 1247 (2d Cir. 1987) (explaining that "fraud allegations ought to specify the time, place, speaker, and content of the alleged misrepresentations").  To state a claim for fraudulent misrepresentation under New York law, a

10

plaintiff must "allege a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury."  Lerner v. Fleet Bank, N.A., 459 F.3d 273, 291 (2d Cir. 2006).

Plaintiff's numerous fraud counts never come close to meeting the heightened pleading standard.  Plaintiff baldly asserts conclusory allegations of fraud, including: **(1)** that Chase acted fraudulently by *reducing* the balance of the Account (see Amended Complaint, ¶¶ 130-132, 155, Causes of Action 10, 14); **(2)** that Chase acted with "the objectives of getting plaintiff to make payments on the [A]ccount…" (id., ¶ 133, Cause of Action 10); **(3)** that Chase participated in a "scheme" to defraud Plaintiff into accepting the Account as his own (id., ¶ 134); **(4)** that Chase acted fraudulently by failing to apply insurance funds to the Account (see id., ¶¶ 154, 156, 160-163, Causes of Action 14, 15); **(5)** that Chase intended to profit by getting Plaintiff to admit his default, which default in payment Plaintiff tacitly concedes (see id., ¶ 156, Cause of Action 14); **(6)** that Chase fraudulently concealed that there was insurance on his account (see id., ¶ 166-169, Cause of Action 16); **(7)** that Chase falsified business records based upon changes to the account balance (see id., ¶ 172, Cause of Action 17); **(8)** that Chase fraudulently denied that there was insurance on the Account (see id., ¶ 185, Cause of Action 18); and **(9)** that Chase engaged in a fraudulent scheme involving the placement of fake account balances (see id., ¶ 221, Cause of Action 24).

Plaintiff does not proffer specific facts sufficient to support a cause of action for fraud beyond mere conclusory and self-serving allegations.  The necessary specificity is lacking, as are factual allegations establishing reliance or specific injury.  To the extent that Plaintiff contends that Chase acted fraudulently by allegedly changing the account number for the Account, that in itself does not amount to fraud.  Nor could a *reduction* of the Account balance due constitute a

fraud upon Plaintiff.  No facts are pleaded to support Plaintiff's allegations that Chase defrauded him into making payments he owed to Chase.

Moreover, nowhere does Plaintiff contend the Account was not in default, and thus his blanket allegations that Chase somehow induced him to admit the default are not credible.  Plaintiff does not plead any facts to show that insurance was ever placed on the Account.  Accordingly, even with the more liberal pleading standards afforded to *pro-se* litigants, Plaintiff's allegations fail to state a fraud claim.

To the extent that Plaintiff asserts claims for aiding and abetting fraud, those causes of action also fail and should be dismissed.  See Amended Complaint, Cause of Action 21.  To establish a cause of action for aiding and abetting fraud under New York law, "the plaintiffs must show (1) the existence of a fraud; (2)[ the] defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission."  Lerner v. Fleet Bank, N.A., 459 F.3d 273, 292 (2d Cir. 2006); see Agape I, 681 F.Supp.2d 352, 362 (E.D.N.Y. 2010) (citing Armstrong v. McAlpin, 699 F.2d 79, 91 (2d Cir. 1983).  Here, Plaintiff's conclusory allegations fail to identify the existence of a fraud, a primary wrongdoer, knowledge by Chase of the violation, or proof that Chase assisted the primary wrongdoer in perpetuating the unidentified fraud.  Thus,  Plaintiff cannot maintain a cause of action for aiding and abetting fraud.

Plaintiff's purported claims against Defendants that are based upon conspiracy to commit fraud (See Amended Complaint, Causes of Action 26, 27) fail on their face.  Under New York Law, "[t]here is no substantive tort of conspiracy."  Goldstein v. Siegel, 19 A.D.2d 489, 493, 244 N.Y.S.2d 378 (1st Dep't 1963).  However, "allegations of civil conspiracy are permitted to connect the actions of separate defendants with an otherwise actionable tort." Cohen Bros., 181 A.D.3d at 404, 119 N.Y.S.3d 478 (1st Dep't 2020) (citations and quotations omitted).  Further, "[i]n addition to pleading the primary tort, a plaintiff alleging civil conspiracy must also plead the following four

elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury." <u>Kesner v. Dow Jones & Company, Inc.</u>, 2021 WL 256949 (S.D.N.Y. 2021) (<u>internal</u> <u>quotations</u> <u>and</u> <u>citations</u> <u>omitted</u>).  Here, Plaintiff has failed to sufficiently plead a single fraud against Defendants, nor does Plaintiff allege any elements required for a civil conspiracy claim.

To the extent Plaintiff intended to allege criminal conspiracy, such a cause of action generally requires a showing by the government "that the defendant agreed with another to commit the offense; that he knowingly engaged in the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy; and that an overt act in furtherance of the conspiracy was committed." <u>U.S. v. Monaco</u>, 194 F.3d 381 (2d Cir. 1999) (<u>internal</u> <u>quotations</u> <u>and</u> <u>citations</u> <u>omitted</u>).  Plaintiff cannot assert a conspiracy claim on behalf of the government and has failed to plead any facts showing any possible fraud.

Nevertheless, Plaintiff appears to allege Defendants fraudulently conspired to remove this matter to federal court.  <u>Id.</u>, ¶¶ 233, 237.  These baseless allegations are insufficient to establish purported fraud and, contrary to Plaintiff's contentions, Chase's removal of this matter to federal court is in all respects proper.

Plaintiff's remaining causes of action for fraud are based upon general allegations of fraud by Chase against its customers that are not supported by any facts concerning the subject Account and should be dismissed.  <u>See</u> <u>e.g.</u> Amended Complaint, ¶¶ 198-202, 221-224, Causes of Action 21, 24 (setting forth allegations concerning the purported insurance policies, unauthorized changes to customer account balances, fraudulently changing account balances to customer accounts, engaging in a scheme to defraud its customers, amongst other allegations).  Based upon the foregoing, Plaintiff has failed to state a claim for a purported fraud against Defendants.

**F.      Plaintiff's Purported Causes Of Action For Breach of Fiduciary Duty Also Fail**

Plaintiff's Amended Complaint includes four (4) enumerated causes of action predicated upon alleged breach of fiduciary duty.  See Amended Complaint, Causes of Action 11-13, 20.  As set forth below, Defendants do not owe Plaintiff a fiduciary duty, and these causes of action should be dismissed with prejudice.

"To state a cause of action to recover damages for breach of fiduciary duty, a plaintiff must allege: '(1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct.'"  United States Fire Ins. Co. v. Raia, 94, A.D.3d 749, 942 N.Y.S.2d 543, 545 (2d Dep't 2012) (quoting Rut v. Young Adult Inst., Inc., 74 A.D.3d 776, 901 N.Y.S.2d 715, 717 (2d Dep't 2010)); see also Johnson v. Nextel Commc'ns, Inc., 660 F.3d 131, 138 (2d Cir. 2011) ("The elements of a claim for breach of a fiduciary obligation are: (i) the existence of a fiduciary relationship; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom.").  Additionally, New York courts do not recognize a fiduciary duty between a bank and the bank's customer.  Curtis-Shaneley v. Bank of America, 109 A.D.3d 634, 970 N.Y.S.2d 830 (2d Dep't 2013) ("In general, the relationship between a bank and its customer is not a fiduciary one, but rather one of creditor and debtor."); Kings Premium Serv. Co. v. Manufacturers Hanover Trust Co., 115 A.D.2d 707, 496 N.Y.S.2d 524 (2d Dep't 1985) (the relationship between a bank and a depositor is that of debtor and creditor, not agent principal); Fab Industries, Inc. v. BNY Financial Corp., 252 A.D.2d 367, at 367, 675 N.Y.S.2d 77, at 675 (1st Dep't 1997) ("There is no fiduciary duty arising out of contractual arm's length debtor/creditor legal relationship between borrower and bank which would give rise to cause of action for negligent misrepresentation, and this is particularly true where relationship of bank to customer is that of a factor, since factor acts solely for its own benefit, does not undertake to benefit its client

14

in conduct of the latter's business affairs, and, in absence of such an undertaking, client can derive no legal rights from what factor does or does not do.").

Here, Plaintiff's allegations concerning purported breach of fiduciary duty fail as a matter of law. Plaintiff incorrectly alleges that Chase and its officers failed "to maintain software's [sic] to prevent software corruption/glitches…" Amended Complaint at ¶ 139, Cause of Action 11. Plaintiff further alleges that Chase's computer system was "hacked", that it could not identify account balances, and that insurance funds were not correctly applied. See id., ¶¶ 139, 142-146, 194-195, Causes of Action 11, 12, 20. Plaintiff also alleges that incorrect account balances were placed by Chase. See id., ¶¶ 149-151, Cause of Action 13. All of Plaintiff's allegations stem from his alleged contractual relationship as a customer of Chase, thus Plaintiff cannot establish a viable cause of action for breach of fiduciary duty. Additionally, there is no independent duty owed by Chase's individual employees, or its counsel, to Plaintiff.

Simply put, Chase 's relationship with Plaintiff is not a fiduciary one, and his causes of action based on the breach of fiduciary duty should be dismissed.

### G. Plaintiff's Purported Cause Of Action For Embezzlement Fails To State A Claim

Plaintiff's Twenty-Second Cause of Action sounds in embezzlement by alleging, *inter alia*, that Chase failed to apply insurance funds to the Account. Amended Complaint, ¶¶ 206, 210-211, Cause of Action 22. This cause of action is nonsensical and should also fail.

Generally, under New York law embezzlement requires "(1) a breach of duty or trust in respect of money, property or effects in a party's possession that belongs to another, and (2) the intentional wrongful or fraudulent appropriation of such money, property or effects." Spiegel v. Levine, 161 A.D. 764, at 768, 147 N.Y.S. 78, at 84 (1st Dep't 1914). In the context of criminal law, New York Penal Law ("NYPL") codifies embezzlement as grand larceny. See NYPL § 155.05 (defining larceny to include "conduct heretofore defined or known as common law larceny

15

by trespassory taking, common law larceny by trick, embezzlement, or obtaining property by false pretenses").   Additionally, "[t]he essence of the crime of larceny by embezzlement is the conversion by the embezzler of property belonging to another which has been entrusted to the embezzler to hold on behalf of the owner." People v. Yanett, 49 N.Y.2d 296, at 302, 425 N.Y.S.2d 300, at 431 (1980).

Here, Plaintiff does not plead any of the elements to establish embezzlement.   Plaintiff has not pleaded any specific facts that the alleged insurance funds were placed or that funds were available thereunder for application to the Account.   Additionally, to the extent Plaintiff's allegations concerning third-party accounts of other Chase customers, those allegations are unfounded and are not relevant.   Accordingly, this purported cause of action also fails.

### H.   Plaintiff's Purported Cause Of Action For Misappropriation Fails To State A Claim

Plaintiff's Twenty-Third Cause of Action appears to allege misappropriation by purportedly failing to apply insurance funds to the Account.   Amended Complaint, ¶¶ 215-219, Cause of Action 23.   These allegations fail to establish misappropriation.

A civil claim for misappropriation is akin to one for conversion.   "The tort of conversion is established when one who owns and has a right to possession of personal property proves that the property is in the unauthorized possession of another who has acted to exclude the rights of the owner." Republic of Haiti v Duvalier, 211 AD2d 379, 384 (1st Dep't 1995).   The elements of conversion are "(1) plaintiffs possessory right or interest in certain property, and (2) defendant's dominion over the property or interference with it in derogation of plaintiff's rights." Colavitov New York Organ Donor Network, Inc., 8 N.Y.3d 43, 860 N.E. 713 (2006); see also Employers' Fire Ins. Co. v Cotton, 245 N.Y. 102 (1927); Petrone v. Davidoff Hutcher & Citron, LLP, 150 A.D.3d 776, 54 N.Y>S.3d 25 (2d Dep't 2017).

Plaintiff has not plead any specific facts showing that insurance policies were placed or that funds were available and were to be applied to the Account.  Thus, these allegations do not establish a cause of action for misappropriation and this cause of action should be dismissed.

**I.      Plaintiff's Purported Cause Of Action For Identity Theft Fails To State A Claim**

Plaintiff asserts as her Twenty-Sixth Cause of Action identity theft based upon allegations that Chase opened the Account without Plaintiff's authorization.  See Amended Complaint, ¶¶ 227-228, Cause of Action.

Although Plaintiff does not set forth any statute that Defendants are alleged to be in violation of, under New York law, the crime of identity theft requires that a defendant impersonate another and do one of the following: obtain goods, money property or services; use a credit card in the name of the person impersonated; or cause financial loss to such person or another; or commit a class A misdemeanor or higher level crime.  See NYPL §§ 190.77 (setting forth the elements of identity theft as an offense); 190.78 (setting forth the elements of identity theft in the third degree), 190.79 (setting forth the elements of identity theft in the second degree), 190.80 (setting forth the elements of identity theft in the first degree).  Additionally, "[g]enerally speaking, there are two varieties of identity theft: 1) the takeover or misuse of existing credit card, debit card or other accounts ("existing account fraud"), and 2) the use of stolen information to open new accounts in the consumer's name ("new account fraud")."  People v. Essalek, 17 Misc. 3d 835, 847 N.Y.S.2d 421 (City Crim. Ct. 2007).

Plaintiff's purported cause of action for identity theft is directly refuted by his own allegations based upon Plaintiff entering into the subject Account with Chase.  Plaintiff has failed to allege any specific facts of conduct on the part of Defendants which would amount to identity theft, and his conclusory allegations are insufficient to establish a viable cause of action for identity

theft.  See e.g. FRCP 1; see also FRCP 8(a); see also Bell Atl. Corp. v. Twonbly, 550 U.S. 544, supra.

### J.      Plaintiff's Purported Causes Of Action Against Chase's Officers And Its Counsel Fail To State A Claim

Plaintiff's Amended Complaint includes what appear to be purported causes of action and general allegations against Chase's officers, Jamie Dimon and Gordon Smith, and its outside counsel, McGlinchey Stafford PLLC, Dana M. Carrera, Dennis A. Amore, which defendants were recently added to the caption by Plaintiff.  See Amended Complaint, ¶¶ 78, 122, 138, 143, 146, 194-195, 231-233, 236-240, 244, Causes of Action 1, 8, 11, 12, 20, 26, 27, 28; compare with Complaint.

To the extent Plaintiff claims in his proposed amended causes of action that Chase's officers and its outside counsel are responsible for the purported wrongful conduct at issue, those claims are based upon general conclusory allegations, are devoid of specific facts, and are often unintelligible, thus, they should be dismissed outright.  See FRCP Rules 1, 2, 8, 9; see also Bell Atl. Corp. v. Twombley, supra; Ashcroft v. Iqbal, supra; Strunk v. United States House of Representatives, 68 F. App'x 233, 235 (2d Cir. 2003) (third amended complaint properly dismissed as it was unintelligible and the claims were indiscernible).

With regard to Mr. Dimon and Mr. Smith in particular, their only connection with this lawsuit is that their respective names were added to the caption.  There are no specific factual allegations of allegedly improper conduct by Mr. Dimon and/or Mr. Smith, who seem to have been added by Plaintiff for no purpose other than to harass Chase.  Plaintiff does not allege any facts of acts taken by Mr. Dimon and/or Mr. Smith in their individual capacities.  Nor does the Complaint allege any facts demonstrating that Mr. Dimon and Mr. Smith personally participated in, profited from, or had any knowledge of any alleged wrongful conduct.  Plaintiff's claims against Mr. Dimon and Mr. Smith must be dismissed.  See e.g. Westminister Const. Co., Inc. v. Sherman, 160

18

A.D.2d 867, 554 N.Y.S.2d 300 (2d Dep't 1990) ("corporate officers may not be held personally liable on contracts of their corporations, provided they did not purport to bind themselves individually under such contracts"); see also 431 Conklin Corp. v. Rice, 181 A.D.2d 716, 718, 580 N.Y.S.2d 475, 477 (2d Dep't 1992) ("The defendant cannot be held liable 'merely due to the fact that, while acting for the corporation, he has made decisions and taken steps that resulted in the corporation's promise being broken'"); Prudential-Bache Metal Co., Inc. v. Binder, 121 A.D.2d 923, 926, 504 N.Y.S.2d 646, 648 (1st  Dep't 1986) (in the absence of substantive allegation that any corporate "officer personally participated in or had actual knowledge of the issuance of bad checks, there can be no individual liability.").

Additionally, Plaintiff's allegations against Chase's counsel are also wholly unfounded and should be dismissed.  Plaintiff's allegations appear to be based upon an objection to the removal of this action to federal court and unsubstantiated disingenuous accusations of fraud.  See Amended Complaint, Causes of Action 26, 27.  Contrary to Plaintiff's contentions, the removal of this action was proper and is not grounds for a viable cause of action against Chase's counsel. Additionally, Plaintiff's conclusory allegations asserting that Chase's counsel acted fraudulently are deficiently plead and are meritless.  See e.g. FRCP Rule 9(b); Zanett Lombardier, Ltd. v. Maslow, supra; Harsco Corp. v. Segui, supra; DiVittorio v. Equidyne Extractive Indus., supra. Plainly stated, there is no fraud on the part of Chase's counsel and dismissal of Chase's counsel with prejudice is appropriate.

19

## <u>CONCLUSION</u>

For the reasons stated herein, the Court should grant Defendants' Motion to Dismiss the

Amended Complaint, with prejudice, in its entirety.

Dated: July 19, 2021
   New York, New York

            **MᴄGʟɪɴᴄʜᴇʏ Sᴛᴀꜰꜰᴏʀᴅ PLLC**


            By:  /s/Dennis A. Amore
              Dennis A. Amore, Esq.
              *Attorneys for Defendants*