UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LEE BLACKMAN,

        Plaintiff,

v.

CHASE BANK USA, N.A., ET AL.,

        Defendant.

Civ. Action No. 1:20-cv-5539

# DEFENDANTS' MEMORANDUM OF LAW IN REPLY AND IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................i
TABLE OF AUTHORITIES ....................................................................................................... ii
PRELIMINARY STATEMENT ...................................................................................................1
PROCEDURAL AND FACTUAL BACKGROUND ..................................................................2
ARGUMENT..................................................................................................................................2
   I.   DEFENDANTS HAVE ESTABLISHED THAT PLAINTIFF'S CLAIMS MUST BE DISMISSED BECAUSE THEY FAIL TO STATE A CLAIM..........................................2
      A.   Defendants Have Established That Dismissal Is Warranted Under FRCP Rule 12(b)(6)..................................................................................................................2
         i.   The Amended Complaint Is Deficiently Plead And Must Be Dismissed......................2
         ii.   Plaintiff Fails To State A Claim For A Breach Of Contract .........................................3
      B.   Removal Was Proper Under 28 U.S.C. § 1441(a) & (b)..................................5
      C.   Plaintiff's Remaining Arguments Are Meritless And Must Be Dismissed ..................9
      D.   Plaintiff's Requests For Affirmative Relief Must Be Denied And Dismissed ...........10
CONCLUSION ............................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Aleph Towers, LLC v. Ambit Texas,
  LLC, No. 12-CV-3488, 2013 WL 4517278 (E.D.N.Y. 2013).................................................3

Almonte v. Target Corporation,
  462 F.Supp.3d 360 (S.D.N.Y. 2020) ...............................................................................6, 8

Alvarado v. New England Motor Freight,
  Inc., 2018 WL 4043151 (E.D.N.Y. 2018). ..........................................................................6

Belfon v. Credit Check Total Consumerinfo.com, Inc.,
  2018 WL 4778906 ...............................................................................................................5

Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,
  373 F.3d 296 (2d Cir. 2004) ................................................................................................8

Citibank, N.A. v. Swiatkoski,
  395 F. Supp. 2d 5 (E.D.N.Y. 2005).....................................................................................5

Corr. Officers Benevolent Ass'n of Rockland Cty. v. Kralik,
  No. 04-CV-2199, 2011 WL 1236135 (S.D.N.Y. 2011) ....................................................10

Curtis–Shanley v. Bank of Am.,
  109 A.D.3d 634, 970 N.Y.S.2d 830 (2d Dep't 2013)........................................................10

Division 1181 Amalgamated Transit Union-New York Employees Pension Fund
  and Its Trustees v. R and C Transit, Inc.,
  2018 WL 794572 (E.D.N.Y. 2018) ....................................................................................5

DNJ Logistic Group, Inc. v. DHL Exp. (USA), Inc.,
  727 F.Supp.2d 160 (E.D.N.Y. 2010) ..................................................................................8

United States ex rel. Echevarria v. Silberglitt,
  441 F.2d 225 (2d Cir. 1971) ............................................................................................6, 8

Ehrenreich v. Black,
  994 F.Supp 2d 284 (E.D.N.Y. 2014)...................................................................................8

Hymes v. Bank of America, N.A.,
  408 F.Supp.3d 171 (E.D.N.Y 2019)....................................................................................3

Ornstein v. Lyndon Baines Johnson Health Complex, Inc.,
  2006 WL 845412 (E.D.N.Y. 2006) .................................................................................6, 8

Pampillonia v. RJR Nabisco, Inc.,
    138 F.3d 459 (2d Cir. 1998) .................................................................................................. 8

Riveredge Owners' Ass'n v. Town of Cortlandt, Inc.,
    2016 WL 6462387 (S.D.N.Y. 2016) ....................................................................................... 6

Samanich v. Facebook,
    2021 WL 2856634 (E.D.N.Y. 2021) ....................................................................................... 5

St. Paul Mercury Indem. Co. v. Red Cab Co.,
    303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938) .................................................................. 8

Strunk v. United States House of Representatives,
    68 F. App'x 233 (2d Cir. 2003) ............................................................................................... 3

Tolliver v. Jordan,
    2021 WL 2741728 (S.D.N.Y. 2021) ..................................................................................... 10

Zanett Lombardier, Ltd. v. Maslow,
    29 A.D.3d 495, 815 N.Y.S.2d 547 (1st Dep't 2006) ............................................................. 10

**Statutes**

28 U.S.C. § 1332(a) ........................................................................................................................ 6

28 U.S.C. § 1441 ............................................................................................................................ 5

28 U.S.C. § 1441(a) .................................................................................................................... 5, 6

28 U.S.C. § 1441(b) ................................................................................................................ 5, 6, 7

**Rules**

FRCP Rule 1 ............................................................................................................................... 2, 4

FRCP Rule 5 ................................................................................................................................... 9

FRCP Rule 5(b)(2) ......................................................................................................................... 9

FRCP Rule 5(b)(2)(C) .................................................................................................................... 9

FRCP Rule 7(b)(1) ....................................................................................................................... 10

FRCP Rule 8 ............................................................................................................................... 3, 4

FRCP Rule 9(b) ............................................................................................................................ 10

FRCP Rule 12(b)(6) .................................................................................................................... 1, 2

# PRELIMINARY STATEMENT

Defendants, JPMorgan Chase Bank, N.A., successor-by-merger to Chase Bank USA, N.A. ("Chase"), Jamie Dimon ("Dimon"), Gordon Smith ("Smith"), McGlinchey Stafford PLLC ("McGlinchey"), Dana M. Carrera ("Carrera"), and Dennis A. Amore ("Amore") (Chase, Dimon, Smith, McGlinchey, Carrera, and Amore collectively the "Defendants"), respectfully submit this Memorandum of Law in reply in response to the Opposition (the "Opposition") of Plaintiff, Lee Blackman ("Plaintiff"), and in further support of Defendants' motion seeking to dismiss the Amended Complaint (the "Amended Complaint") with prejudice.

Initially, Defendants have established that the Amended Complaint fails to state a claim and thus should be dismissed with prejudice. Plaintiff has been unable to meet the pleading requirement. All Plaintiff's Amended Complaint does is interpose a voluminous Amended Complaint containing bald and conclusory causes of action, unsupported by any facts. In light of the nearly undecipherable purported causes of action asserted, Plaintiff's Amended Complaint should be dismissed pursuant Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6). Furthermore, because Plaintiff failed to cure his pleading deficiencies, despite being given the opportunity to do so, dismissal should be with prejudice.

Plaintiff's opposition to Defendants' Motion to Dismiss is equally deficient. In conclusory fashion, Plaintiff purports that Chase breached the account Agreement (the "Agreement"). However, Plaintiff failed to plead a cause of action for a breach of contract. Plaintiff's bare statements are devoid of any specific facts and thus do not set forth a cause of action for a breach of contract.

Plaintiff also attacks removal and the Court's jurisdiction. Removal upon diversity jurisdiction was proper. Here, complete diversity of citizenship exists among the parties, and the amount in controversy is more than $75,000.00. Moreover, jurisdiction was established upon the

1

proper removal of this matter to this Court. Because Plaintiff does not allege any facts against Chase's officers or against Chase's counsel, it is apparent that those parties were improperly and fraudulently joined, and therefore the Court need only look to Plaintiff and Chase to assess diversity jurisdiction, which clearly exists.

Plaintiff's unsubstantiated allegations of fraud and misconduct by Chase's counsel, must also be dismissed. Notably, Plaintiff does not even attempt to salvage his remaining purported causes of action, and thus those remaining causes of action are abandoned, and should be dismissed accordingly. Finally, to the extent that Plaintiff intended to request affirmative relief, such a request is improperly asserted and thus should be denied and dismissed.

Based upon the foregoing, and for the reasons set forth herein, Defendant's Motion should be granted and Plaintiff's Opposition should be dismissed with prejudice.

## PROCEDURAL AND FACTUAL BACKGROUND

Defendants incorporate by reference herein the procedure and facts as set forth in Defendants' Memorandum of Law, dated July 19, 2021, and the Declaration in Support of Motion to Dismiss of Dennis A. Amore, dated July 19, 2021, filed in support of Defendant's Motion.

## ARGUMENT

I. **DEFENDANTS HAVE ESTABLISHED THAT PLAINTIFF'S CLAIMS MUST BE DISMISSED BECAUSE THEY FAIL TO STATE A CLAIM**

    A. **Defendants Have Established That Dismissal Is Warranted Under FRCP Rule 12(b)(6)**

        i. *The Amended Complaint Is Deficiently Plead And Must Be Dismissed*

Plaintiff's unintelligible Amended Complaint is deficiently plead and thus does not set forth any cause of action against Defendants. Plaintiff is required to plead his claims with the required specificity, and he has failed to do so. See FRCP Rule 1 (providing that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties

2

to secure the just, speedy, and inexpensive determination of every action and proceeding."); see also FRCP Rule 8 (requiring "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."); Strunk v. United States House of Representatives, 68 F. App'x 233, 235 (2d Cir. 2003) (dismissing plaintiff's third amended complaint and denying leave to file a fourth amended complaint where plaintiff's complaint was unintelligible). Plaintiff's precise legal basis for the Amended Complaint is unclear, and he fails to set forth specific factual allegations to support his purported causes of action, which are predicated upon bare and unsubstantiated conclusory statements.

        *ii.*      *Plaintiff Fails To State A Claim For A Breach Of Contract*

Plaintiff's response does nothing to salvage his deficient breach of contract cause of action.[1] "Under New York law, there are four elements to a breach of contract claim: (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." Hymes v. Bank of America, N.A., 408 F.Supp.3d 171, at 199 (E.D.N.Y 2019) (quotations omitted). Additionally, "[a] breach of contract claim will be dismissed where a plaintiff fails to allege the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated." Aleph Towers, LLC v. Ambit Texas, LLC, No. 12-CV-3488, 2013 WL 4517278, at *6 (E.D.N.Y. 2013).

Plaintiff's conclusory allegations that Chase breached the subject Agreement do not meet the above standard. To that end, Plaintiff appears to accuse Chase of breaching the Agreement by allegedly misstating amounts due, failing to provide statements, changing account balances, and

---

[1] Defendants note that because Plaintiff only asserts breach of contract and fails to address his remaining causes of action in his Opposition, Defendants, for the sake of brevity, do not recite their arguments to those remaining causes of action herein. Defendants have specifically addressed all of Plaintiff's causes of action in their motion in chief, and have proven them to be futile. Defendants adopt and incorporate herein their arguments as set forth in their Motion to Dismiss.

3

by removing this action. See Amended Complaint, Causes of Action 1, 3, 6, 7, 28. The foregoing allegations fail to set forth a breach of the Agreement by Chase as Plaintiff does not specify the terms of the Agreement that Chase is alleged to have breached, or any other specific facts to support his conclusory statements. Notably, Plaintiff does not dispute his default under the Account or that the funds were due and owing to Chase but appears to contest the reporting of the balance owing.

Plaintiff attempts to argue that he has stated a cause of action for a breach of contract. Plaintiff is wrong. Rather than focusing on the amended pleading, Plaintiff asserts additional conclusory statements that Chase "failed to perform its obligation as agreed." Plaintiff's Opposition at P. 4. Plaintiff also appears to argue that Chase breached the Agreement by removing this matter to federal court. See id. These arguments do not address the insufficiency of the allegations contained in Plaintiff's amended pleading and, nevertheless, are insufficient to state a claim for a breach of contract. See e.g. FRCP Rules 1, 8.

To the extent that Plaintiff intended to argue that Chase breached the terms of certain insurance policies associated with the Account, Plaintiff does not allege any facts to show that such insurance policies existed or were applied to the Account. Even assuming, *arguendo*, that such policies existed or were applied, and provided that the policies also provided for payment of the account upon default, which Plaintiff fails to plead and Chase vehemently denies, Plaintiff does not identify the specific terms that Chase is alleged to have breached. Simply put, Plaintiff's breach of contract cause of action cannot survive.[2]

---

[2] Moreover, there are no allegations, conclusory or otherwise, suggesting that the breach of contract claim can be brought against any of the Defendants except Chase, as Plaintiff could not plead an agreement with the other defendants.

4

Notably, Plaintiff does not even attempt to address his remaining purported causes of action in response to Defendants' Motion to Dismiss. As such, Plaintiff has abandoned his remaining causes of action, which should be dismissed on that basis. "District courts in this circuit have found that [a] plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute an abandonment of those claims." Belfon v. Credit Check Total Consumerinfo.com, Inc., 2018 WL 4778906 (quotations omitted) (citing Youmans v. Schiro, 2013 WL 6284422, at *5 (S.D.N.Y. 2013); see Division 1181 Amalgamated Transit Union-New York Employees Pension Fund and Its Trustees v. R and C Transit, Inc., 2018 WL 794572 (E.D.N.Y. 2018) (deeming contribution and indemnification claims abandoned).

**B.     Removal Was Proper Under 28 U.S.C. § 1441(a) & (b)**

In opposition, Plaintiff rehashes arguments attacking the removal of Plaintiff's initial complaint to this Court, arguing that removal was allegedly improper and also, apparently, contests the jurisdiction of this Court. See Opposition, Ps. 5-6. Plaintiff also incorrectly argues that complete diversity does not exist. See id. Plaintiff is wrong. The removal of this action to federal court was appropriate, in all respects, and Plaintiff's arguments do not warrant denial of Defendants' Motion.

Removal from state to federal court is governed by 28 U.S.C. § 1441. See 28 U.S.C. § 1441. Under the statute, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A case may be removed from state court to federal court "only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction." Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)); see also 28 U.S.C. § 1441. "A party seeking to remove an action from state to federal court bears the burden of proving federal jurisdiction." Samanich v. Facebook, 2021 WL 2856634

5

(E.D.N.Y. 2021); see Alvarado v. New England Motor Freight, Inc., 2018 WL 4043151 (E.D.N.Y. 2018).

"A federal district court has jurisdiction on the day that a notice of removal is filed with the Clerk of that court." Ornstein v. Lyndon Baines Johnson Health Complex, Inc., 2006 WL 845412, at *2 (E.D.N.Y. 2006); see United States ex rel. Echevarria v. Silberglitt, 441 F.2d 225, 227–28 (2d Cir. 1971) ("We have to look at the reason for filing the petition for removal with the clerk of the state court. The apparent reason is to inform the state judge that he can no longer proceed with the case until the federal court decides whether it will retain jurisdiction or not. There can be no other purpose for this requirement.... The state court is deprived of jurisdiction to proceed with the removed action unless and until the case is remanded, irrespective of whether the action is removable.") (internal citations and quotations omitted); Almonte v. Target Corporation, 462 F.Supp.3d 360, at 365 (S.D.N.Y. 2020) ("In this Circuit, a federal court obtains jurisdiction when the notice of removal is filed with the federal court") (citing United States ex rel. Echevarria v. Silberglitt, supra); Riveredge Owners' Ass'n v. Town of Cortlandt, Inc., 2016 WL 6462387 (S.D.N.Y. 2016) ("A federal district court has jurisdiction on the day that a notice of removal is filed with the Clerk of that court....") (quotations and citations omitted).

This matter was properly removed from the state court and jurisdiction was established upon removal. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). See 28 U.S.C. § 1332(a) (providing that district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and diversity exists); see also 28 U.S.C. § 1441(a) (providing for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction"). Additionally, removal is proper under 28 U.S.C. § 1441(b) because: (1)

complete diversity of citizenship exists among the parties; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1441(b) ( providing for removal based upon complete diversity).

Contrary to Plaintiff's contentions, complete diversity exists as Plaintiff alleged he is a citizen of New York, while Chase has its main office in Ohio (see PACER Dkt. No. 14), and therefore is a citizen of Ohio for purposes of diversity jurisdiction, and the amount in controversy well exceeds the statutory threshold. Plaintiff's allegations as to Chase's citizenship are entirely unfounded and are refuted by information that is publicly available on the Federal Financial Institutions Examination Council National Information Center ("FFIEC") website (www.ffiec.gov) showing that Chase maintains its main office in Columbus, Ohio. See PACER Dkt. No. 14 (enclosing a screen print obtained from the FFIEC website showing that Chase is headquartered in Columbus, Ohio). Plaintiff does not proffer factual allegations or admissible evidence to show that Chase has its main office in New York as he erroneously claims.

Plaintiff's disingenuous allegations that Chase and its counsel fraudulently concealed Chase's main office address are conclusory and are completely untrue. Here, Defendants have shown that diversity exists and, as such, removal was proper. Plaintiff does not deny that he is a resident of Brooklyn or that he is claiming well over the threshold for diversity jurisdiction in his Complaint. Plainly, the removal of this matter was proper and this Court's jurisdiction was established upon the filing of Chase's Notice of Removal.

Plaintiff apparently attempts to defeat diversity by fraudulently joining Jamie Dimon, Gordon Smith, and Chase's counsel. However, as outlined in the Motion to Dismiss, Plaintiff fails to assert any facts to support a cause of action against any of the additional defendants, and thus their post-removal addition does not defeat the Court's jurisdiction under the doctrine of fraudulent

joinder. See Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998) (holding that a parent corporation was fraudulently joined to defeat diversity where the complaint failed to allege sufficient facts to support a claim against the parent corporation); see also Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, at 301 (2d Cir. 2004) ("Under the doctrine, courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court."); Ehrenreich v. Black, 994 F.Supp 2d 284, at 287 (E.D.N.Y. 2014) ("Under the doctrine of fraudulent joinder…a federal court can dismiss the non-diverse defendant and allow removal upon a showing that the plaintiff has no claim against that defendant under substantive state law."). Here, Plaintiff has not, and cannot, plead a cause of action against the additional defendants because there is no conduct alleged to support a cause of action.

Additionally, as previously set forth, jurisdiction is assessed as of the date of removal and Plaintiff merely adding defendants post-removal is insufficient to defeat the Court's jurisdiction over this matter. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (Even if "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."); see also DNJ Logistic Group, Inc. v. DHL Exp. (USA), Inc., 727 F.Supp.2d 160 (E.D.N.Y. 2010) ("A plaintiff cannot defeat federal diversity jurisdiction simply by joining as defendants parties with no real connection with the controversy.") (citations and quotations omitted); Ornstein v. Lyndon Baines Johnson Health Complex, Inc., supra; United States ex rel. Echevarria v. Silberglitt, supra; Almonte v. Target Corporation; supra.

Plaintiff's opposition includes what appears to be boilerplate legal arguments that are unrelated to this proceeding concerning removal and remand. See e.g. Opposition, Ps. 7-11. To

the extent Plaintiff intended to assert additional arguments against removal, those arguments must be dismissed as Defendants have shown that removal to this Court was, in fact, proper.

Accordingly, Plaintiff's bald allegations objecting to removal and seeking to deny Defendants' motion for dismissal on that basis must be dismissed.

### C. Plaintiff's Remaining Arguments Are Meritless And Must Be Dismissed

Plaintiff's remaining arguments raised in his opposition disputing service of Defendants' motion papers and, bald, disingenuous, and unsubstantiated allegations of fraud and misconduct by Chase's counsel, must be dismissed. First, Plaintiff was properly served with Defendants' moving papers in accordance with FRCP Rule 5. FRCP Rule 5(b)(2) provides, in pertinent part, that "[a] paper is served under this rule by ... mailing [papers] to the person's last known address – in which event service is complete upon mailing." FRCP Rule 5(b)(2)(C). Defendants mailed a complete copy of its motion to Plaintiff by Federal Express-Priority Overnight Mail to his address at 601 Park Place, Brooklyn, NY 11238, as evinced by Defendants' filed Affidavit of Service. PACER Dkt. No. 46. Plaintiff admits to receiving the motion papers sent to him by Defendants. See Opposition at P. 6 (stating that "someone found the Fedex package with the motion...[and]...gave it to me"). Plaintiff's apparent dispute is based upon the location of the mailing alone, and not that Defendants made the mailing, which mailing alone is sufficient to establish service under the above statute.

Next, Plaintiff's inappropriate and unfounded allegations of fraud and misconduct against Defendants, including Chase's counsel, must be dismissed. Plaintiff contends, amongst other things, that removal of this matter was fraudulent and that information concerning Chase's headquarters location was concealed. See Opposition, P. 6. These allegations are meritless. Defendants have shown that removal was proper and there has been no fraud and/or misconduct on the part of Chase, or its counsel, in any way. Nor have there been any false statements made to

Plaintiff. Plaintiff's mere accusations of fraud and misconduct are defective and must be dismissed. See e.g. FRCP Rule 9(b); see also Curtis–Shanley v. Bank of Am., 109 A.D.3d 634, 634, 970 N.Y.S.2d 830 (2d Dep't 2013); Zanett Lombardier, Ltd. v. Maslow, 29 A.D.3d 495, 815 N.Y.S.2d 547 (1st Dep't 2006).

### D. Plaintiff's Requests For Affirmative Relief Must Be Denied And Dismissed

To the extent Plaintiff intended to seek affirmative relief in his opposition (see Opposition at Ps. 2-3), such request must be denied because it is improperly asserted in opposition to Defendants' Motion. See FRCP Rule 7(b)(1) ("A request for a court order must be made by motion."); see also Tolliver v. Jordan, 2021 WL 2741728 (S.D.N.Y. 2021) (denying plaintiff's request for sanctions brought via an affirmation in opposition); Corr. Officers Benevolent Ass'n of Rockland Cty. v. Kralik, No. 04-CV-2199, 2011 WL 1236135 (S.D.N.Y. 2011) (declining to consider a "cross-motion" where plaintiffs requested relief via an opposition motion, without filing a notice of motion). Here, Plaintiff has not properly moved for affirmative relief, and there is no pending motion by Plaintiff presently before the Court. See e.g. PACER Dkt. Thus, any request for affirmative relief by Plaintiff made in his opposition must be denied, and dismissed accordingly.

### CONCLUSION

For the reasons stated herein, the Court should grant Defendants' Motion to Dismiss the Amended Complaint, with prejudice, in its entirety.

Dated: October 4, 2021
      New York, New York

                                                  **McGlinchey Stafford PLLC**

                                                  By: _/s/Dennis A. Amore_
                                                        Dennis A. Amore, Esq.
                                                        *Attorneys for Defendants*